# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL E. DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>RODRIGUEZ, *et al.*,<br><br>   Defendants. | Case No.: 1:25-cv-00368-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 17<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Cornell E. Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On September 26, 2025, the Court screened Plaintiff's complaint and granted him leave to file a first amended complaint within thirty days after service. (ECF No. 12.) On October 9, 2025, Plaintiff filed his first amended complaint, which was dated October 4, 2025. (ECF No. 14.) On October 20, 2025, Plaintiff lodged an amended complaint dated October 12, 2025. (ECF No. 15.) The Court construed this lodging as a request to file a second amended complaint, and granted leave to amend. (ECF No. 23.) Plaintiff's second amended complaint is before the Court for screening. (ECF No. 17.)

**I. Screening Requirement and Standard**

  The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed in Salinas Valley State Prison in Soledad, California.  Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at Kern Valley State Prison.  Plaintiff names as defendants: (1) Rodriguez, correctional officer, (2) Gurrola, correctional officer, (3) Angulo, correctional officer, (4) Dr. Zepp, (5) all officers/personnel involving in case report, and (6) CDCR.

In claim 1, Plaintiff alleges violation of the Eighth Amendment for correctional officer Gurrola talking his hearing aid home and denying Plaintiff the right, and for constantly mocked by correctional officer Gurrolo[1] and multiple other staff pertaining to his disability.  Correctional officer Gurrola took Plaintiff's hearing aid and put it in his pocket intentionally to deprive

---

[1] Plaintiff spells this name differently in the body of the complaint from the spelling in the list of defendants.

Plaintiff of a safe living condition denying Plaintiff the right to talk to his kids and hear their voices. Davis constantly pleaded for batteries. Correctional officer Rodriguez went to ID medical to refuse Plaintiff batteries which is not in correctional officer Rodriguez's job description. He is not a doctor, nurse or anything else. He did that because Plaintiff is black, deaf and was being treated differently.

Correctional officer Angulo was intentionally putting Plaintiff's life in jeopardy by telling inmates there are not running program because of inmate Davis. That's inciting a riot and intentionally trying to put Plaintiff's life in jeopardy. No where in the employee manual does it say that that is ok. This was consistently Angulo trying to get Davis harmed out of spite and because Davis is black and deaf.

In claim 2, Plaintiff alleges Dr. Zepp violated Plaintiff in front of 3 female nurses he called them in to watch Dr. Zepp stick and penetrate Davis with exposed fingers and not gloved in Plaintiff's butthole to humiliate Plaintiff in front of females. As best as the Court can determine, Plaintiff alleges as follows. Dr. Zepp was agitated about Plaintiff having wipes. They had a dispute. Dr. Zepp made Plaintiff stand up and pull his pants down or receive a 115. Dr. Zepp called 3 female nurses in the room and forcefully shoved his fingers in Plaintiff's rectum, not asking, no lubricant, no glove, to humiliate Plaintiff and abuse his authority and rape Davis's mind. It was a violation of his rights to be forced to take Plaintiff's clothing off in front of females, stick a finger up Plaintiff's butt and or receive a 115. Dr. Zepp took all of Plaintiff's chronos, his shoe chrono, his lower, his special diet and his integrity. CDCR is denying Plaintiff the proper standard of rehabilitation, not providing a job, denial of groups and proper rehabilitation. Plaintiff is a high school graduate and it is a violation of the First, Fourth and Eighth Amendment in being treated differently because of his disability and race. There is no guideline for rehabilitation, no requirement. He was not set up goals so that he can be deemed rehabilitated. The judge should have explained at sentencing that he should not get any 115s to be eligible for parole. He is being denied his parole eligibility.

As remedies, Plaintiff seeks compensatory damages for being treated differently and molested/raped because he is deaf. Plaintiff was never sentenced to not receiving 115s in prison.

3

He wants all CDCR employees to be fired and an apology.

**III.    Discussion**

        **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

As explained below, Plaintiff's complaint fails to state a claim. Many of the allegations are conclusory as to what happened, when it happened, and who was involved. Plaintiff has been unable to cure this deficiency.

        **Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. The allegations are unclear if the claims are properly joined. For instance, Plaintiff not bring

4

challenges to medical treatment, and claims for ADA accommodations, 115s, race discrimination, rehabilitation, and other claims. These claims are not properly joined and must be brought in separate actions. Merely because Plaintiff was housed at the Kern Valley State Prison when the incidents occurred does not make every injury or incident related.  Separate unrelated claims must be filed in separate lawsuits.  Plaintiff has been unable to cure this deficiency.

**Americans With Disabilities Act**

The Americans with Disabilities Act provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2). The Supreme Court has held that "public entity" includes state prisons. *United States v. Georgia*, 546 U.S. 151, 154 (2006) (citation omitted).  To state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). In addition, "[t]o recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is at least deliberate indifference. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff does not state a viable claim under the ADA.  He alleges he was denied hearing aid batteries for some unknown period of time, but he does not allege facts that show he was excluded from participation in, or denied the benefits of, any service or programs offered by the prison because of his disability, or that he was subjected to any type of discrimination by reason of his disability.  Further, any allegations of inadequate medical care do not state a claim under the ADA. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a

remedy for medical malpractice.").

**Eleventh Amendment**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State, or CDCR in this action.

**Eighth Amendment**

　　　　1.　Medical Deliberate Indifference

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's complaint fails to state a claim for medical deliberate indifference. Plaintiff fails to allege any individual defendant knew of and disregarded an excessive risk to his serious medical need.

          2.   Sexual Harassment or Abuse

Plaintiff is attempting to allege a claims for sexual harassment or abuse. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

7

In this second amended complaint, Plaintiff does not allege that Defendant Zepp touched Plaintiff <u>during a medical examination</u>. His original complaint alleged he was touched during a medical examination.[2] Zepp asked Plaintiff to spread his buttocks to examine whether further medical treatment was necessary. It appears based on the factual support that there was a legitimate penological justification for the examination.

### 3. Verbal Harassment

To the extent Plaintiff alleges verbal harassment, Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

The factual allegations do not support a claim. Plaintiff fails to allege a cognizable claim against Gurrola or Angulo for verbal harassment.

//

---

[2] While an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.' ") (citations omitted). The Court therefore takes judicial notice of the original complaint that alleged Plaintiff saw Dr. Zepp who said he wanted to see Plaintiff's butt to evaluate if he needs wipes. (ECF No. 1.)

4. <u>Failure to Protect</u>

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

The Court finds that Plaintiff's complaint does not state a cognizable claim for failure to protect against Defendant Correctional officer Angulo. There is no indication in the complaint that Defendant Angulo was aware that Plaintiff was at risk of serious harm at the hands of unknown inmates or that he was harmed by any unknown inmates.

**Fourth Amendment Right of Privacy**

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. *Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 972 (9th Cir. 2010) (en banc). "[I]ncarcerated prisoners retain a limited right to bodily privacy." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). "Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *Id.* However, "assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." *Id.* at 334 (citing *Grummett v. Rushen*, 779 F.2d 491, 494-95 (9th Cir. 1985) (noting that "The Supreme Court has not recognized that an interest in shielding one's naked body from public view should be protected under the rubric of the right of privacy")); *see id.* at 332 (holding that the infringement of male inmates' right to privacy by allowing female officers to observe strip searches of male prisoners is "reasonably related to legitimate penological interests"). The Ninth Circuit has explained that:

9

> we cannot assume from the fact that the [conditions] cause immense anguish that they therefore violate protected Fourth Amendment interests. Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited.

*Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993) (en banc) (citations omitted) (declining to reach Fourth Amendment claim and instead deciding case based on Eighth Amendment grounds).

Here, Plaintiff alleges that Dr. Zepp touched him during a medical procedure to see if Plaintiff needed wipes with female nurses present. An intimate touching during a medical examination is not an invasion of privacy when the touching is directly related to the medical examination. There was a legitimate penological justification for the examination and touching.

**Fourteenth Amendment – Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

"[T]he disabled do not constitute a suspect class" for equal protection purposes." *Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (citing *City of Cleburne*, 473 U.S. at 440).

While Plaintiff uses the word "discrimination" in his complaint, Plaintiff has not shown that he was discriminated against because of his membership in any protected class. While Plaintiff alleges he is black, his allegations are conclusory that conduct was directed at him because of his race. Nor has Plaintiff shown that he was intentionally treated differently than

other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff's conclusory statements about discrimination do not suffice. Therefore, he has not stated any claim for a violation of his Fourteenth Amendment rights.

### No Right to Early Parole

Plaintiff cannot maintain a due process claim, or any other claim, based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. *See Fernandez v. Nevada*, No. 3:06-CV-00628 LRH-RA, 2008 U.S. Dist. LEXIS 131876, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. *Id.*

### IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, and given multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies in his second amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**

11

**number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| | |
|---|---|
| Dated: __December 3, 2025__ | /s/ *Barbara A. McAuliffe* |
| | UNITED STATES MAGISTRATE JUDGE |